ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/04/2023** at 11:20:00 AM

Clerk of the Superior Court
By Carla Boston,Deputy Clerk

JOHN P. LECRONE (State Bar No. 115875)
  johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
ARIELLE J. SPINNER (State Bar No. 311147)
  ariellespinner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
PACIFIC OFFICE AUTOMATION, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SHAWN CANFIELD, an individual, on behalf of himself and all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 37-2023-00041493-CU-OE-CTL<br><br>**DEFENDANT PACIFIC OFFICE AUTOMATION, INC.'S ANSWER TO PLAINTIFF SHAWN CANFIELD'S REPRESENTATIVE ACTION COMPLAINT UNDER THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**<br><br>Assigned to the Joel R. Wohlfeil<br>Dept.:        C-73<br><br><br>Complaint Filed: September 25, 2023 |

**EXHIBIT B**

Defendant Pacific Office Automation, Inc. ("Defendant"), answering for itself and no others, in response to the unverified Representative Action Complaint under the Private Attorneys General Act ("PAGA") ("Complaint") filed by Plaintiff Shawn Canfield ("Plaintiff"), responds as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2. Defendant further denies that Plaintiff and/or any alleged aggrieved employees have sustained any injury, damage or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff and/or any alleged aggrieved employees suffered any of the damages alleged in the Complaint.

3. Defendant further denies that Plaintiff and/or any allegedly aggrieved employees are entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff and/or any alleged aggrieved employees are entitled to damages against Defendant in any amount.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses. In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT    **EXHIBIT B**
4856-1020-0724v.2 0060489-000039

63

Procedure §§ 335.1, 337, 338, 339, and 340, California Civil Code § 52(b)(2), and California Business and Professions Code § 17208.

### THIRD AFFIRMATIVE DEFENSE

**(Laches/Waiver/Estoppel/Unclean Hands)**

3.   The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

**(Improper Venue)**

4.   Pursuant to Code of Civil Procedure section 397(a), this dispute is assigned to an improper venue.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Fulfill Administrative Prerequisites)**

5.   Plaintiff and the alleged aggrieved employees are precluded from asserting some or all of their claims to the extent that Plaintiff and the alleged aggrieved employees have failed to satisfy and exhaust the administrative prerequisites for bringing such claims.

### SIXTH AFFIRMATIVE DEFENSE

**(Consent/Ratification)**

6.   Plaintiff and the alleged aggrieved employees are barred from recovery under the Complaint, in whole or in part, in that if any of the allegations in the Complaint occurred, which Defendant denies, then each and every cause of action alleged against Defendant therein is barred because Plaintiff and the alleged aggrieved employees consented to, ratified, acquiesced in and/or approved all the acts and omissions about which Plaintiff and the /alleged aggrieved employees now complain.

### SEVENTH AFFIRMATIVE DEFENSE

**(Good Faith/Business Judgment)**

7.   The Complaint, and each and every cause of action therein, is barred because the acts or omissions of Defendant at all times relevant were in good faith, in the exercise of its

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity, and therefore, privileged.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intent)

8.    The Complaint, and each and every cause of action therein, is barred because Defendant did not act with the requisite degree of intent or fault.

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff, the Aggrieved Employees, and/or Third Parties)

9.    If Plaintiff and the alleged aggrieved employees sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff, the alleged aggrieved employees, and/or third parties, or Plaintiff, the alleged aggrieved employees, and/or third parties otherwise were at fault.  Plaintiff and the alleged aggrieved employees are therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant, or recovery, if any, should thereby be reduced in proportion to such fault.

## TENTH AFFIRMATIVE DEFENSE

### (Conduct Not Ratified)

10.    If any of the alleged wrongful acts in the Complaint were committed by Defendant's employees or by third parties not employed by Defendant, although such is not herein or hereby admitted and is specifically denied, then such actions were committed outside the scope of employment, and/or such conduct was unknown to, and not ratified by, Defendant, and thus Defendant is not liable for them.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Penalties)

11.    The Complaint, and each and every cause of action therein, is barred in whole or in part, on the grounds that Plaintiff and the alleged aggrieved employees are not entitled to general and other penalties under the California Labor Code, including, but not limited to, waiting time

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**65**

penalties under California Labor Code § 203. With respect to waiting time penalties under California Labor Code § 203, Plaintiff and former alleged aggrieved employees were paid all wages owed at termination, and regardless, any alleged failure to pay all wages due at termination was not willful and/or there existed a good faith dispute as to the amount of compensation owed, if any, at the time of termination.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

12. The Complaint, and each and every cause of action therein, is barred in whole or in part, on the grounds that Plaintiff and the alleged aggrieved employees do not have a private right of action under applicable sections of the California Labor Code, and penalties other than waiting-time penalties are only available in an action brought by an official of the Labor Department or other government agency.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not "Hours Worked")

13. Plaintiff and the alleged aggrieved employees are barred from recovery under the Complaint to the extent that they did not actually work the hours alleged or to the extent the alleged work activities described in the Complaint are not compensable and/or are excluded from measured working time.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Meal Periods—Waiver)

14. The Complaint is barred to the extent that Plaintiff and the aggrieved employees agreed to waive their rights to any meal periods they allegedly missed.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Rest Periods—Waiver)

15. The Complaint is barred to the extent that Plaintiff and the aggrieved employees agreed to waive their rights to any rest periods they allegedly missed.

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**66**

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Meal and Rest Periods—Voluntary Act)**

16.   The Complaint is barred on the grounds that Plaintiff and the alleged aggrieved employees voluntarily chose not to take the meal and rest periods provided to them.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Meal Periods Provided)**

17.   The Complaint is barred on the grounds that Plaintiff and the alleged aggrieved employees were provided with all legally required meal periods.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Rest Periods Authorized and Permitted)**

18.   The Complaint is barred on the grounds that Plaintiff and the alleged aggrieved employees were authorized and permitted to take all legally-required rest periods.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Unknowing or Unintentional Conduct)**

19.   To the extent Plaintiff and the alleged aggrieved employees have been damaged in any way under the Complaint, which Defendant denies, such damage was not the result of Defendant's knowing and intentional conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Failure to Comply With Labor Code § 2699.3, subd. (a)(1))**

20.   Plaintiff did not comply with Plaintiff's obligation under California Labor Code § 2699.3, subd. (a)(1), which requires Plaintiff to provide the employer with written notice by certified mail of the specific provision of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation, prior to filing a civil action pursuant to Labor Code §§ 2699 and 2699.5.  Therefore, Plaintiff may not recover any statutory penalties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Release of Claims)**

21.   The Complaint is barred in whole or in part to the extent that Plaintiff and/or the alleged aggrieved employees voluntarily released and waived claims against Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**67**

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Improper Underlying Violations)

22.    This action improperly seeks to obtain Private Attorney General Act of 2004 ("PAGA") penalties based on notice requirements and/or other statutes and/or wage orders in which it cannot use as the basis for a recovery under PAGA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inadequate Representative)

23.    This action is not properly maintainable as a class action because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the alleged aggrieved employees.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

24.    Any award of civil penalties that otherwise could be made under PAGA must not be made, or at worst, must be made in a lesser amount, because they are unjust, arbitrary, capricious, and confiscatory pursuant to California Labor Code § 2699(e)(2).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Not An Aggrieved Employee)

25.    Plaintiff lacks standing to bring claims for any civil penalties on behalf of others to the extent he is not an "aggrieved employee," pursuant to the PAGA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (PAGA Action Unmanageable)

26.    Plaintiff's claim for civil penalties is barred because Plaintiff's claims and those of other allegedly aggrieved employees could not be manageably tried together in a single trial consistent with due process.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA Violates Due Process/No Recovery)

27.    The Complaint, and the recovery of statutory and civil penalties, is barred because the PAGA violates substantive and procedural due process protections provided by the

**EXHIBIT B**

**68**

Constitutions of the United States and the State of California by, inter alia, imposing quasi-criminal liability without appropriate constitutional protections and imposing penalties/fines disproportionate to the harm alleged.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (PAGA Violates California's Separation of Powers)

28.     The Complaint, and each and every cause of action alleged against Defendant, is barred because the PAGA violates California's Separation of Powers Doctrine.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Excessive Fines)

29.     The Complaint is barred because the PAGA violates the prohibition on excessive fines and penalties provided by the Eighth Amendment of the Constitution of the United States and the Constitution of State of California.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Monetary Damages Not Available)

30.     To the extent Plaintiff seeks to obtain monetary damages, including attorney fees, the claim is barred in its entirety by applicable statutes, including PAGA, and other legal authority.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Setoff and Recoupment/Unjust Enrichment)

31.     If any damages have been sustained by Plaintiff and/or the alleged aggrieved employees, which is denied, Defendant is entitled to offset and recoup any overpayment of wages already paid.  To the extent Plaintiff and/or the alleged aggrieved employees were overpaid wages, Defendant may be entitled to an offset or recoupment of such wages when damages are assessed, as they are not entitled to be unjustly enriched.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Attorneys' Fees)

32.     Defendant is entitled to recover all costs and attorneys' fees incurred herein, pursuant to, by way of example and not of limitation, California Labor Code § 218.5.

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**69**

1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Proximate Causation)

33.     Any injuries or damages allegedly suffered by Plaintiff or the alleged aggrieved employees were not proximately caused by any acts or omissions of Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

34.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.     That Defendant be awarded its costs of suit;

4.     That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.     For such other and further relief as the Court deems just and proper.

DATED: December 4, 2023

DAVIS WRIGHT TREMAINE LLP
JOHN P. LECRONE
VANDANA KAPUR
ARIELLE J. SPINNER

By: _____
John P. LeCrone

Attorneys for Defendant
PACIFIC OFFICE AUTOMATION, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**70**

**PROOF OF SERVICE**
*Canfield v. Pacific Office Automation, Inc.*
San Diego County Superior Court Case No. 37-2023-00041493-CU-OE-CTL
DWT C/M # 0060489.000039

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, 865South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On December 4, 2023, I served the following document(s): **DEFENDANT PACIFIC OFFICE AUTOMATION, INC.'S ANSWER TO PLAINTIFF SHAWN CANFIELD'S REPRESENTATIVE ACTION COMPLAINT UNDER THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")** as follows:

**SEE ATTACHED SERVICE LIST**

☒ (**VIA U.S. MAIL**) - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

☒ (**VIA ELECTRONIC MAIL**) – On December 4, 2023 I electronically served a true and correct copy by e-mail from electronic e-mail address: *robmendoza@dwt.com* on the email addresses of the interested parties in this action as noted on the attached Service List.

☐ (VIA OVERNIGHT DELIVERY) and by sealing the envelope and placing it for collection and delivery by [OVERNIGHT SERVICE] with delivery fees paid or provided for in accordance with ordinary business practices.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on December 4, 2023, at Los Angeles, California.

Robert Mendoza_____                    _____
Print Name                                            Signature

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT            **EXHIBIT B**
4856-1020-0724v.2 0060489-000039

71

**SERVICE LIST**
*Canfield v. Pacific Office Automation, Inc.*
San Diego County Superior Court Case No. 37-2023-00041493-CU-OE-CTL
DWT C/M # 0060489.000039

Justin Hewgill, Esq.                                    *Attorneys for Plaintiff,*
HEWGILL COBB & LOCKARD, APC                             **SHAWN CANFIELD**
1620 5th Avenue, Suite 325
San Diego, CA 92101
(619) 432-2520 (Phone)
(619) 377-6026 (Fax)
Email: contact@hcl-lawfirm.com

Ben Travis, Esq.                                        *Attorneys for Plaintiff,*
BEN TRAVIS LAW, APC                                     **SHAWN CANFIELD**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
(619) 353-7966 (Phone)
Email: ben@bentravislaw.com

11
DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**72**